UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISON

| | | |
|---|---|---|
| ERROL ADOLPHE, | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 4:18-cv-129 |
| v. | § § | |
| SHELL OIL, LLC, | § § | JURY TRIAL DEMANDED |
| Defendant. | § § § | |

## ORIGINAL COMPLAINT

Plaintiff ERROL ADOLPHE ("Plaintiff"), by and through his attorneys, ELLWANGER LAW LLLP and VALLI KANE AND VAGNINI LLP, brings this action for damages and other legal and equitable relief from Defendant, SHELL OIL, LLC ("Shell" or "Company), for violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et. seq.* ("ADEA"), the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.* ("TLC"), and any other cause(s) of action that can be inferred from the facts set forth herein.

## INTRODUCTION

1. This is an action brought by Plaintiff seeking damages from Defendant for acts of discrimination. Defendant's acts of discrimination are in violation of the ADEA, the TLC, and any other cause(s) of action that can be inferred from the facts set forth herein.

2. Defendant employed Plaintiff as a civil engineer and later promoted him to the role of civil team lead. Without any prior warning, Plaintiff was placed on a Performance Improvement Plan, which effectively forced Plaintiff out of a position for which he was qualified and resulted in his unlawful termination.

3. Plaintiff alleges, as a result of Defendant's misconduct, that he is entitled to (1) back pay, (2) front pay, (3) emotional damages, (4) punitive damages, (5) attorneys' fees and costs, (6) interest, and (7) such other and further relief as this Court finds necessary and proper.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights and (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; 42 U.S.C. §§ 2000e *et seq*., as amended.

5. Venue is proper in this Court in as much as the unlawful employment practices occurred in this judicial district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendant maintains offices, conducts business, and resides in this district.

## PARTIES

6. Plaintiff is a person who has been aggrieved by Defendant's actions. He is more than 40 years of age and is a resident of Texas.

7. At all relevant times, Plaintiff was Defendant's employee covered by the ADEA and the TLC.

8. Defendant is the United States-based wholly owned subsidiary of Royal Dutch Shell, with its principal place of business located at One Shell Plaza, 910 Louisiana St, Houston, Texas 77002. Upon information and belief, Defendant employs more than five hundred (500) persons.

9. During all relevant times, Defendant has been an employer covered by the ADEA and the TLC.

## EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

10. Plaintiff who has herein alleged claims pursuant to the ADEA has timely filed a complaint of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which constitutes a cross-filing with the Texas Commission on Human Rights.

11. Plaintiff has received his Notice of Right to Sue letter from the EEOC prior to the filing of this Complaint. On or around October 20, 2017, the EEOC mailed Plaintiff his Notice of Right to Sue letter.

## STATEMENT OF THE FACTS

12. On or about October 9, 2006, Defendant hired Plaintiff as a Civil Engineer at the Shell Deer Park Refinery, a manufacturing site owned and operated by Defendant.

13. In March 2008, Plaintiff was subsequently promoted to a Civil Team Lead until his wrongful termination on March 19, 2015.

14. Plaintiff, a licensed professional engineer and certified project management professional with an MBA, brought three decades of prior experience to the Company.

15. As a Civil Team Lead, Plaintiff was tasked with assembling a team from the ground up and oversaw their professional development into a fully functional team. He encouraged and nurtured the team's growth within the Company while also being responsible for resolving numerous issues with the oil refinery site. He later was responsible for the whole site, including the chemical plant.

16. In September 2013, Ms. Laura Brown ("Ms. Brown) became Plaintiff's supervisor.

17. On or about August 12, 2014, without any prior warning, Ms. Brown told Plaintiff that he would be removed from his position as a Team Lead and reassigned to a special projects assignment.

18. At the same time, Plaintiff was placed on a Performance Improvement Plan to be effective from August 2014 to March 2015. Plaintiff was told he was being placed on this plan because of his unsatisfactory work performance, despite having no prior warnings.

19. Under the guidelines of his Performance Improvement Plan, Plaintiff was also required to train Brett Scull ("Mr. Scull") with respect to certain aspects of his job and to develop a transition plan for him. Mr. Scull was the employee who then replaced Plaintiff. Mr. Scull was around twenty-nine (29) years old at the time and had little to no experience.

20. Despite Plaintiff's successful completion of the Performance Improvement Plan, his next performance review indicated that Plaintiff's performance still allegedly needed improvement. Plaintiff was held accountable for the actions of his subordinate, Rick Frantz ("Mr. Frantz"), even though Mr. Frantz was also under the authority of other project managers. While Plaintiff was unfairly disciplined for Mr. Frantz's shortcomings on a specific project, the other project manager was promoted.

21. Under the Performance Improvement Plan, Plaintiff was not only forced out of his position and removed from his team, but was also required to seek new employment elsewhere within the Shell company.

22. Plaintiff applied to more than fifteen (15) different positions for which he was more than adequately qualified and yet he did not receive any of them. In one instance he applied for a position overseas in Gabon, West Africa, and when he spoke with the Shell hiring manager he was told that he would not be given the position because he was older than the age of fifty (50).

23. On or about March 18, 2015, Plaintiff received a call from Ms. Brown requesting his attendance at a meeting. Plaintiff told her he would be unable to attend because he was ill.

24. On or about March 19, 2015, Plaintiff received a letter effectively terminating his employment. At the time of his termination, Plaintiff was sixty-one (61) years old and his replacement, Brett Scull, was an individual approximately thirty-two (32) years younger than him with no experience.

25. Prior to his unlawful termination, Plaintiff had an impeccable work history in the field and an unblemished work record at the Company.

26. Defendant's decision to terminate Plaintiff was discrimination based on age.

## AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
### Age Discrimination in Employment Act, 29 U.S.C. § 621 *et. seq.*
### (Disparate Treatment)

27. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

28. Plaintiff was sixty-one (61) years old and was qualified for his position when Defendant terminated him.

29. After firing Plaintiff, Defendant replaced him with Brett Scull, an individual approximately thirty-two (32) years younger than him with no experience.

30. The conduct alleged herein violates the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et. seq.*, as Defendant has engaged in the practice of discrimination against Plaintiff on the basis of his age.

31. Plaintiff's requests for relief are set forth below.

## AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF
### The Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*
### (Disparate Treatment)

32. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

33. Plaintiff was 61 years old and was qualified for his position when Defendant terminated him.

34. After firing Plaintiff, Defendant replaced him with Brett Scull, an individual approximately thirty-two (32) years younger than him with no experience.

35. The conduct alleged herein violates the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*, as Defendant has engaged in the practice of discrimination against Plaintiff on the basis of his age.

36. Plaintiff's requests for relief are set forth below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

A. A judgment declaring that the practices complained of herein are unlawful and in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et. seq.* and the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*

B. All damages which Plaintiff has sustained as a result of Defendant's conduct, including back pay, front pay, benefits, general and specific damages for lost compensation, and job benefits he would have received but for Defendant's discriminatory practices, and for emotional distress, humiliation, embarrassment, and anguish;

C. Exemplary and punitive damages in an amount commensurate with Defendant's ability and so as to deter future malicious, reckless, and/or intentional conduct;

D. Awarding Plaintiff the costs and disbursements incurred in connection with this action, including reasonable attorney's fees, expert witness fees and other costs;

E. Pre-judgment and post-judgment interest, as provided by law;

F. That the Court retain jurisdiction over Defendant until such time as it is satisfied that they have remedied the practices complained of and are determined to be in full compliance with the law; and

G. Granting Plaintiff other and further relief as this Court finds necessary and proper.

Plaintiff also seeks injunctive relief, including, but not limited to:

H. Training on the subject of employment discrimination for all of Defendant's employees;

I. Diversity training for all managers conducted by reputable outside vendors;

J. Supervisory discipline up to and including termination for any supervisor who engages in unlawful discrimination;

K. Requiring the Defendant to reinstate the employment of Plaintiff;

L. Active monitoring of the work areas to ensure compliance with discrimination policies;

M. Monitoring by the Court or a federal agency to ensure that Defendant complies with all injunctive relief; and

Plaintiff further demands that he be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

Dated: January 18, 2018

Respectfully submitted,

*[signature]*

Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@equalrights.law
Holt M. Lackey (admission pending)
Texas State Bar No. 24047763
hlackey@equalrights.law
Ellwanger Law LLLP
8310-1 N. Capital of Texas Hwy., Ste. 190
Austin, Texas 78731
Telephone: (727) 808-2260
Facsimile:  (737) 808-2262

**Of Counsel:**

James A. Vagnini (*pro hac vice* to be filed)
jvagnini@vkvlawyers.com
Robert Baravecchio (*pro hac vice* to be filed)
rrb@vkvlawyers.com
Monica Hincken (*pro hac vice* to be filed)
mhincken@vkvlawyers.com
Valli Kane &Vagnini, LLP
600 Old Country Road, Suite 519
Garden City, New York 11530
Telephone: (516) 203-7180
Facsimile: (516) 706-0248

*Counsel for Plaintiff*