**IN THE UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **ERROL ADOLPHE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **C.A. NO. 4:18-cv-129** |
| | § | |
| **SHELL OIL, LLC** | § | |
| | § | |
| **Defendant.** | § | **JURY TRIAL DEMANDED** |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE**

1.  **State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.**

    The Parties conferred via telephone on April 20, 2018. Jay Ellwanger and Monica Hincken represented the Plaintiff. Terah Moxley represented Defendant Shell Oil Products Company LLC ("Defendant").[1]

2.  **List the cases related to this one that are pending in any state or federal court with the case number and court.**

    None.

3.  **Briefly** **describe what this case is about.**

    Plaintiff alleges that the Defendant violated Title VII and the Texas Employment Discrimination Act by subjecting him to age discrimination. Plaintiff, then 61 years old, was an experienced civil engineer working as a Civil Team Lead for the Defendant. After being placed under a new supervisor, he was put on a Performance Improvement Plan, removed from his position as Team Lead, and then wrongfully terminated after being required to train his then 29-year-old replacement.  Plaintiff applied within the Company for more than one dozen positions for which he was qualified. He did not receive one job offer.

    Defendant denies Plaintiff's allegations and demands strict proof thereof. All employment actions taken with respect to Plaintiff were based on legitimate, non-discriminatory reasons. Defendant further alleges several affirmative defenses, as set forth in its Answer.

---

[1] Plaintiff's former employer was Shell Oil Products Company LLC, not Shell Oil, LLC—the entity current reflected in the case caption as the defendant. Shell Oil, LLC has not been served with process. Defendant Shell Oil Products Company LLC, waived service of summons and filed an answer to Plaintiff's Original Complaint, considering the erroneously naming of Shell Oil, LLC as a defendant a misnomer.

**4.   Specify the allegation of federal jurisdiction.**

Federal jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1331.

**5.   Name the parties who disagree and the reasons.**

The Parties agree that jurisdiction is proper.

**6.   List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

None.

**7.   List anticipated interventions.**

None.

**8.   Describe class-action issues.**

None.

**9.   State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The Parties agreed to exchange initial disclosures by May 18, 2018.

**10. Describe the proposed agreed discovery plan, including:**

> **A.   Responses to all the matters raised in Rule 26(f);**
>
> > **(1)   What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosure were made or will be made.**
> >
> > At this time, the Parties do not propose any changes to the form or requirement for disclosures under Rule 26(a). The parties agree to exchange the initial disclosures required by Rule 26(a)(1) by <u>May 18, 2018</u>.
> >
> > **(2)   The subjects and which discovery may be needed, when discovery should be completed and whether discovery should be conducted in phases or limited to or focused on particular issues.**
> >
> > Plaintiff contends that discovery may be needed on the following subjects: Defendant's policies and procedures related to the claims asserted; Plaintiff's personnel file and all communications regarding Plaintiff; evidence relating to the facts and circumstances of Plaintiff's termination; evidence relating to the facts and circumstances of Plaintiff's job search; the

identities of witnesses and their knowledge of the job performance of Plaintiff; relevant complaints by other employees; and evidence relevant to the claims for damages. Plaintiff may also need to discover the basis for Defendant's asserted defenses and affirmative defenses.

Defendant contends that discovery may be needed as to Plaintiff's factual and legal contentions, Plaintiff's alleged damages, and Plaintiff's mitigation efforts, if any.

At this time, the Parties do not believe that discovery should be conducted in phases or be limited to or focused on particular issues. The Parties propose a discovery deadline of <u>February 22, 2019</u>.

**(3) Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

To the extent that electronic information is relevant, available, or becomes necessary, the Parties agree that any such production of documents may be in text-searchable PDF, native format, or .tif images with load files. Documents stored in hard copy may be produced in hard copy. The Parties agree to work in good faith on any ESI issues.

**(4) Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502**

The Parties have discussed this issue, but do not anticipate the need for any provisions beyond those required by Fed. R. Civ. P.  26(b)(5).

**(5) What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and**

At this time, the Parties do not believe that discovery should be subjected to limits other than those imposed by the applicable federal and local rules.

**(6) Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

The Parties agree that a Standard Protective Order to facilitate document disclosure and production should be issued.

**B.  When and to Whom the Plaintiff anticipates it may send interrogatories.**

Plaintiff anticipates sending its first interrogatories to Defendant as soon as possible but not later than May 25, 2018.

**C.  When and to Whom Defendant anticipates it may send interrogatories.**

Defendant anticipates sending interrogatories to Plaintiff prior to the discovery deadline.

**D.  Of whom and by when the Plaintiff anticipates taking oral depositions.**

Plaintiff anticipates deposing Laura Brown, Brett Scull, Richard Franz, and other fact witnesses who may be identified during the course of discovery. Plaintiff also anticipates taking a Fed. R. Civ. P. 30(b)(6) deposition of Defendant. Plaintiff may also depose any expert designated by Defendant.  Plaintiff anticipates taking the deposition of the fact witnesses by October 19, 2018.

**E.  Of whom and by when the Defendant anticipates taking oral depositions.**

Defendant anticipates deposing Plaintiff and potentially other relevant fact witnesses who may be identified during the course of discovery. Defendant may also depose any expert designated by Plaintiff. Defendant anticipates taking the oral deposition of Plaintiff prior to any other oral depositions occurring in this case. Defendant anticipates taking these depositions prior to the discovery deadline.

**F.  When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff will designate experts and provide reports by October 19, 2018. Opposing party responsive experts will be designated and their reports provided by <u>November 23, 2018</u>.

**G.  List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B)(expert report)).**

Plaintiff may depose experts designated by Defendant. Any such depositions will be completed by January 18, 2019. Assuming Defendant has the burden of proof, it will take the deposition of any opposing expert designated by Plaintiff on or before January 18, 2019.

**H.  List expert depositions the opposing party anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B)(expert report).**

Defendant anticipates completing any applicable expert witness deadlines prior to the discovery deadline.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

With respect to the subject matters on which Plaintiff states discovery may be necessary (*see infra* Section 10(A)(2)), Defendant contends that discovery regarding "all communications regarding Plaintiff" and discovery related to other employees who are not similarly situated to Plaintiff is overly broad and not proportional to the needs of the case. Otherwise, the Parties agree on the discovery plan.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

13. **State the date the planned discovery can reasonably be completed.**

February 22, 2019

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The Plaintiff will provide a written demand for the Defendant's consideration by May 16, 2018.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

The Parties discussed the possibility of settlement during the Rule 26(f) conference. Plaintiff agreed to provide Defendant with a written demand, and Defendant has agreed to consider the demand and respond. Further, the Parties have agreed to consider mediation, if needed, after reasonable discovery has been completed.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

Mediation is the preferred method of alternative dispute resolution after reasonable discovery has been completed.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The Parties respectfully decline the opportunity for a trial before a magistrate judge.

18. **State whether a jury demand has been made and if it was made on time.**

A timely jury demand was made.

**19. Specify the number of hours it will take to present the evidence in this case.**

At this time, the Parties anticipate that it will take approximately 15-20 hours to present the evidence in this case.

**20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

The parties intend to file a Joint Motion to Substitute Parties and Reform Caption prior to the initial pretrial and scheduling conference. (*See infra* note 1.)

**21. List other pending motions.**

None.

**22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

The Parties propose the following dates for inclusion in the Court's Docket Control Order:

| | |
|---|---|
| June 8, 2018 | NEW PARTIES shall be joined by |
| October 19, 2018 | EXPERT WITNESSES FOR THE PLAINTIFF |
| November 23, 2018 | EXPERT WITNESSES FOR THE DEFENDANT |
| February 22, 2019 | DISCOVERY |
| March 15, 2019 | DISPOSITIVE AND NON-DISPOSITIVE MOTIONS |

**23. Certify that all parties have filed Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

Plaintiff filed a Certificate of Interested Parties on January 18, 2018. Defendant filed a Certificate of Interested Parties on March 19, 2018.

**24. List the names, bar numbers, addresses, email addresses, and telephone numbers of all counsel.**

Counsel for Plaintiff:

| | |
|---|---|
| Jay D. Ellwanger | James Vagnini |
| Texas State Bar No. 24036522 | New York Bar No. 2958130 |
| jellwanger@equalrights.law | jvagnini@vkvlawyers.com |
| Holt M. Lackey | Robert Barravecchio |
| Texas State Bar No. 24047763 | New York Bar No. 2926814 |
| hlackey@equalrights.law | rbarravecchio@vkvlaywers.com |

Ellwanger Law LLLP
8310-1 N. Capital of Texas Hwy.
Ste. 190
Austin, Texas  78731
Telephone: (727) 808-2260

Monica Hincken
New York Bar No. 5351804
mhincken@vkvlawyers.com
600 Old Country Road, Suite 519
Garden City, NY 11530
Telephone: (516) 203-7180
*Admitted Pro Hac Vice*

Counsel for Defendant:

Lori M. Carr
Lead Counsel
Texas State Bar No. 13815690
Terah Moxley
Texas State Bar No. 24074768
ESTES THORNE & CARR PLLC
3811 Turtle Creek Blvd., Suite 2000
Dallas, Texas  75219
Telephone:  (214) 599-4000
Telecopier:  (214) 599-4099
lcarr@estesthornecarr.com
tmoxley@estesthornecarr.com


APPROVED:


/s/ *Jay Ellwanger* (w/ permission)          May 8, 2018
Counsel for Plaintiff                        Date


/s/ *Terah Moxley*                           May 8, 2018
Counsel for Defendant                        Date